**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210478-U

Order filed January 25, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0478 Circuit No. 20-CF-348 |
| CHRISTOPHER JEFFERS, | ) ) ) | Honorable James J. Cosby Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Davenport and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant's convictions did not violate the one-act, one-crime doctrine.

¶ 2     Defendant, Christopher Jeffers, appeals his convictions for aggravated criminal sexual abuse and predatory criminal sexual assault of a child. He argues his convictions violate the one-act, one-crime doctrine because they are based on the same physical act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On September 10, 2020, the State charged defendant with two counts of predatory

criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)) and two counts of

aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)). Relevant to this appeal, count III of the

information charged defendant with predatory criminal sexual assault of a child in that he

"committed an act of contact with A.R.L., *** in that said defendant placed his fingers in her

vagina." Count IV charged defendant with aggravated criminal sexual abuse in that he

"committed an act of sexual conduct with A.R.L., *** in that the defendant fondled the vaginal

area of A.R.L." Defendant waived his right to a jury trial and the case proceeded to a bench trial

on June 15, 2021.

¶ 5        The victim, A.R.L., testified that she was currently 13 years old and living with her

grandparents. She had previously resided with her mother in Bradford, Annawan, and Atkinson.

When A.R.L. was 11 and 12 years old, she resided in Cambridge with her mother, brother, and

defendant, whom she identified in open court.

¶ 6        A.R.L. indicated that in Cambridge she had her own bedroom. On multiple occasions,

defendant would wake up early in the morning, enter her bedroom, and lie in bed with her.

Sometimes he would lie on top of the blankets while the other times he would lie underneath the

blankets. Defendant would then "slip his hand underneath [her] pants and start messing with

[her]." Defendant would either touch A.R.L.'s bare skin or touch her through her clothing.

A.R.L. specified that defendant would touch the "upper part of [her] vagina" and that he would

digitally penetrate her vagina. She testified that in the Bradford and Annawan residences,

defendant touched her vagina. Specifically, A.R.L. recounted that in Annawan, when she was

nine years old, defendant entered her bedroom and lay in her bed. He touched her vagina but did not penetrate her. She indicated that the digital penetration did not begin until she was older.

¶ 7        The victim's mother, Melissa L., testified that she had been in a relationship with defendant for 11 years. They had a son together. She testified that in Annawan she observed defendant in A.R.L.'s bedroom rubbing his penis on A.R.L.'s buttocks. Melissa and defendant then engaged in a verbal altercation, but Melissa did not report the incident to the authorities.

¶ 8        Defendant testified that he never touched A.R.L. inappropriately. He admitted that in Annawan he slept in A.R.L.'s bed with her because her bedroom was cooler than the room he shared with Melissa. He indicated that Melissa saw him in bed with A.R.L. and they fought after. Defendant reiterated that he did not do anything to A.R.L. On cross-examination, defendant indicated that this was the only time that Melissa had observed him sleeping in A.R.L.'s bed. Defendant had slept in bed with A.R.L. on multiple occasions, both on top and underneath of the blankets.

¶ 9        The court took the matter under advisement. On July 21, 2021, the court found defendant not guilty of count I and guilty of counts II, III, and IV. Defendant was sentenced to serve 4 years' imprisonment for the two counts of aggravated criminal sexual abuse and 20 years' imprisonment for predatory criminal sexual assault of a child. Defendant filed a motion to reconsider, which the court denied. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant contends that his convictions violate the one-act, one-crime doctrine. Specifically, defendant argues that his convictions of aggravated criminal sexual abuse under count IV and predatory criminal sexual assault of a child stem from the same physical act. Defendant acknowledges that he forfeited this issue but requests that we review it under the

3

second prong of the plain error doctrine. The second prong allows a reviewing court to rectify a forfeited "clear or obvious error" when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "[I]t is well established that a one-act, one-crime violation affects the integrity of the judicial process, thus satisfying the second prong of the plain-error test." *In re Samantha V.*, 234 Ill. 2d 359, 378-79 (2009). The first step in applying the plain error doctrine is to determine whether an error occurred. *Piatkowski*, 225 Ill. 2d at 565.

¶ 12    The one-act, one-crime doctrine provides that "a criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. In determining whether a violation has occurred, a reviewing court first establishes whether defendant's conduct consisted of a single physical act or separate acts. *Id.* ¶ 12.

¶ 13    As charged in this case, predatory criminal sexual assault of a child requires "an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration." 720 ILCS 5/11-1.40(a)(1) (West 2020). In contrast, the criminal sexual abuse charge at issue requires sexual conduct. *Id.* § 11-1.60(c)(1)(i). " 'Sexual conduct' means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age." *Id.* § 11-0.1.

¶ 14    Defendant argues that the State treated the fondling of A.R.L.'s vagina as both an act of predatory criminal sexual assault of a child and aggravated criminal sexual abuse, charging the same conduct under different theories of culpability. He cites the similarity in the language of the

4

charging document and the identical time frame alleged for each offense in support of this argument. While some similarities exist, the State's charges clearly derived from separate acts. Defendant's predatory criminal sexual assault of a child conviction under count III alleged an act of penetration—defendant placed his fingers in A.R.L.'s vagina. His aggravated criminal sexual abuse conviction under count IV alleged an act of fondling—defendant fondled A.R.L.'s vaginal area. Penetration and fondling are two distinct acts. *People v. Hestand*, 362 Ill. App. 3d 272, 278 (2005).

¶ 15    The evidence at trial established the two distinct acts alleged in the charges. A.R.L. testified that in Annawan, when she was nine years old, defendant touched her vagina but did not insert his fingers. In Cambridge, when A.R.L. was 11 or 12 years old, defendant touched "the upper part of [her] vagina" and digitally penetrated her. Thus, the evidence establishes that defendant committed separate acts in separate locations over the course of several years.

¶ 16    Generally, the next step in the one-act, one-crime analysis would be for the court to determine whether any of the offenses are lesser-included ones. *Coats*, 2018 IL 121926, ¶ 30. However, defendant makes no argument that aggravated criminal sexual abuse under count IV is a lesser included offense of predatory criminal sexual assault of a child under count III. Therefore, this argument is waived. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *People v. Newbern*, 276 Ill. App. 3d 623, 629 (1995) (any issue or argument not clearly defined and sufficiently presented is waived). Accordingly, we find that defendant's convictions do not violate the one-act, one-crime doctrine.

¶ 17                                III. CONCLUSION

¶ 18    The judgment of the circuit court of Henry County is affirmed.

¶ 19    Affirmed.